FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2016 MAR 10 AM 11:59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

CASE NO.: 3:16-cv-234-J-34PDB

AL AMJAD LIMITED,
a foreign corporation,

Plaintiff,

v.

OCEAN MARINE ENGINES, LLC,
a Florida Limited Liability Company,

Defendant.

---

**COMPLAINT**

Plaintiff AL AMJAD LIMITED by counsel sues Defendant OCEAN MARINE ENGINES, LLC, and in support states:

**JURISDICTION AND VENUE**

1. Plaintiff, AL AMJAD LIMITED ("AAL"), is a foreign entity incorporated in the United Arab Emirates.

2. Defendant, OCEAN MARINE ENGINES, LLC ("OME"), is a limited liability with its principal place of business in Duval County, Florida. OME's principals are Greg H. Slater and Eric Slater, and both are residents of Duval County, Florida.

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds, exclusive of interest, costs and attorneys' fees, $75,000.00.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a), as Defendant or its agents reside or may be found in Duval County, Florida.

## COMMON ALLEGATIONS

5. AAL is in the business of building yachts. Yachts need marine engines and transmissions.

6. At all times relevant, OME has purported to be selling marine engines and transmissions.

7. All conditions precedent to filing of the instant suit have been performed and/or waived.

8. AAL hired the undersigned firm and has obligated itself to pay it reasonable fee for the prosecution of this case.

## COUNT I - BREACH OF THE ENGINES CONTRACT

9. Allegations in ¶¶ 1 – 7 are restated.

10. About January 2015, OME offered to sell to AAL two brand new C-18 Caterpillar engines with certain upgrades (hereinafter "Engines").

11. After negotiation, on or about June 29, 2015, AAL accepted OME's offer, subject to certain terms and conditions expressed in the Y21 Proforma Invoice J292015C18 drafted by OME. *See* Exhibit A (hereinafter the "Engines Contract").

12. Pursuant to the terms of the Engines Contract, OME had to deliver the Engines by the end of August 2015. *See* Exhibit A (limiting delivery to 3 weeks).

13. As consideration for the Engines Contract the parties agreed to a purchase price of $207,800.00, with 50% deposit ($94,000.00) and the balance due at the time of shipping. *See* Exhibit A.

14. Between July 14, 2015 and August 27, 2015, AAL executed a series of wire transfers to OME, paying OME a total of $130,162.50, of which $111,000.00 were allocated to the Engines Contract.

15. When OME failed to deliver under the terms of the Engines Contract, AAL sought assurances of OME's performance. In response, OME conditioned AAL to either: (a) cancel the order subject to a 25% fee, or (b) pay the balance of the contract directly to five OME's vendors, which would deprive AAL not only of opportunity to inspect, to object to non-conformities, but also from determining compliance based on the dyno test reports.

16. OME breached the Engines Contract by failing to complete, test, and deliver the Engines according to terms.

17. As a direct and proximate result of OME's breach, AAL has suffered damages including, but not limited to, loss of deposit in the amount of $111,000.00, as well as increase in the cost of cover, increase in the cost of completion of the yacht, and loss of income derived from use of the yacht.

**WHEREFORE**, Plaintiff, Al Amjad Limited, demands judgment against Defendant, Ocean Marine Engines, LLC as follows: (a) damages in the amount of $111,000.00; (b) prejudgment and post-judgment interest on the damages Plaintiff proves; and (c) granting Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II - BREACH OF THE TRANSMISSIONS CONTRACT

18. Allegations in ¶¶ 1 – 7 are restated.

19. About February 2015, OME offered to sell to AAL two brand new ZF Marine Transmissions (hereinafter "Transmissions") for the Engines.

20. After negotiation, on or about August 3, 2015, AAL accepted OME's offer, subject to certain terms and conditions expressed in the Y21 Proforma Invoice A032015ZF drafted by OME. *See* Exhibit B (hereinafter the "Transmissions Contract").

21. As consideration for the Transmissions Contract, the parties agreed to a purchase price of $38,325.00, with 50% deposit ($19,162.50). The Transmissions had to be completed at or about the same time with the Engines.

22. Between July 14, 2015 and August 27, 2015, AAL executed a series of wire transfers to OME, paying OME a total of $130,162.50, of which $19,162.50 was allocated to the Transmissions Contract.

23. When OME failed to deliver under the terms of the Transmissions Contract, AAL sought assurances of OME's performance. In response, OME conditioned AAL to either: (a) cancel the order subject to a 25% fee, or (b) pay the balance of the contract directly to five OME's vendors, and making a new payment for ZF transmission in excess of what was required under the Transmissions Contract.

24. OME breached the Transmissions Contract by failing to complete and deliver the Transmissions as required under the contract.

25. As a direct and proximate result of OME's breach, AAL has suffered damages including, but not limited to, loss of deposits in the amount of $19,162.50, as well as increase in the cost of cover, increase in the cost completion of the yacht, and loss of income derived from use of the yacht.

**WHEREFORE**, Plaintiff, Al Amjad Limited, demands judgment against Defendant, Ocean Marine Engines, LLC as follows: (a) Ordering damages in the amount of $19,162.50, which is exclusive of costs, interest and attorneys' fees; (b) Awarding Plaintiff's prejudgment

and post-judgment interest on the damages it proves; and (c) Granting Plaintiff such other and further relief the Court deems just and proper.

## COUNT III - FRAUD

26. Allegations in ¶¶ 1 – 8 are restated.

27. At various times, OME made a series of false statements and/or misrepresented material facts to AAL, *inter alia*:

a) OME or its agents were licensed dealers of Caterpillar machinery or products;

b) OME was capable of building the Engines and Transmissions as represented in the respective contracts;

c) OME has experience and has previously built similar marine engines with the specifications desired by AAL; and

d) OME was capable of completing the orders with the specifications made by AAL within the timeframe specified in the Engines and Transmission contracts.

28. OME knew at the time the representations were made that such statements were false. OME had no intention of upholding the promises and representations made to AAL. Instead, OME intended to induce AAL to pay OME under a pretext of an appearance of a business deal.

29. Justifiably, AAL acted in reliance of OME's false statements and/or misrepresented facts, and paid OME a total of $130,162.50 to AAL's detriment.

30. As a direct and proximate result of OME's false statements and misrepresentations, AAL has been financially injured and has incurred actual damages in the amount of $130,162.50, and substantial out-of-pocket costs, increase in the cost of finding new

engines and transmissions, increase in the cost completion of the yacht, and loss of income derived from use of the yacht.

31. Additionally, as a result of OME's unlawful actions AAL incurred and continues to incur special damages in the form of attorney's fees and costs.

**WHEREFORE**, Plaintiff, Al Amjad Limited, demands judgment against Defendant, Ocean Marine Engines, LLC as follows for direct and consequential damages, prejudgment interest, out-of-pocket expenses, attorney's fees and costs and requests the Court to grant Plaintiff such other and further relief as it is deemed just and proper.

## COUNT IV - FDUTPA VIOLATION

32. Allegations in ¶¶ 1 – 8 are restated.

33. This action is for violation of Chapter 501, part II of the Florida Statutes, known as the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

34. When OME failed to deliver the Engines and Transmissions as required under the contracts, AAL sought assurances of OME's performance. In response, OME wrongfully conditioned AAL to either: (a) cancel the order subject to a 25% fee, or (b) pay the balance of the contract directly to five OME's vendors, and making a new payment for ZF transmission in excess of what was required under the Transmissions Contract, all of which would deprive AAL not only of opportunity to inspect, to object to non-conformities, but also from determining compliance based on the dyno test reports.

35. By engaging in wrongful conduct alleged in ¶ 34 and by making material misrepresentations as alleged in ¶ 27, OME engaged in an unfair or deceptive act or practice, and engaged in practice that offends established public policy and is immoral, unethical, oppressive, or unscrupulous.

36. As a result of OME's wrongful conduct, AAL has been financially injured and has incurred actual damages in the amount of $130,162.50.

37. Additionally, as a result of OME's unlawful actions AAL incurred and continues to incur special damages in the form of attorney's fees and costs. AAL's entitlement to attorney's fees and court costs is provided by § 501.211, Fla. Stat.

**WHEREFORE**, Plaintiff Al Amjad Limited demands judgment for damages against Ocean Marine Engines, LLC, in the amount of $130,162.50, plus prejudgment interest, plus attorney's fees and costs, and such other relief the Court deems just and proper.

Respectfully submitted,

By: *_/s Sergiu Gherman_*
Sergiu Gherman, Esquire
Florida Bar No.: 37031
GHERMAN LEGAL PLLC
25 SE 2nd Ave., Ste. 808
Miami, Florida 33131-1603
Tel. | Fax: (305) 459-1551
sgherman@ghermanlaw.com
*Attorney for Plaintiff*